[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 38 whose birth name is Damato, and the defendant husband, 42, married on May 24, 1998 in Westport, Connecticut. The plaintiff has resided in Connecticut continuously for several years prior to commencing this suit for dissolution of their marriage, thereby providing jurisdiction of the matter to this court. No child has been born to the plaintiff since this marriage.
The plaintiff, a college graduate, was employed at the time of the marriage earning $60,000 annually. She owned her home located at 8 Mill Brook Drive, Norwalk, having purchased it in 1996. The defendant had moved into this home prior to the marriage. During the first few months of the marriage the defendant, who had no checking account, deposited money into the plaintiff's checking account from which bills and obligations of both parties were paid. Beginning with September, 1998 the defendant deposited about $1500 monthly until March, 1999 when the deposits were reduced to $1000 to $1100 monthly. The plaintiff had leased a motor vehicle for the defendant's use for he had no vehicle, no motor vehicle operator's license, no credit cards and assets at the time of the marriage of $4000. The plaintiff gave him use of her credit cards including an ATM card during the marriage. The defendant has not filed income tax returns for 1997, 1998 and 1999 nor has he made any estimated tax payments. The defendant moved from the home in October, 1999 although he had been served with the dissolution complaint on July 9, 1999. CT Page 13480
The defendant has the ability to generate substantial income as a mortgage broker. In 1998 he earned commissions of approximately $134,000. The defendant requests repayment for various items purchased during the marriage. He acknowledged that many of the items now claimed were done after they reached a "mutual decision." The defendant's earning capacity greatly exceeded the plaintiff's during the marriage and the court finds no basis for awarding the sums requested by the defendant.
The plaintiff borrowed $24,000 from her home equity line of credit which she gave to the defendant to enable him to purchase an engagement ring costing that amount. The ring has disappeared. The insurance company has failed to pay the claim. This court leaves the parties to their civil remedies.
The court has reviewed the evidence in light of the pertinent statutes and case law and renders the following decree.
 1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown and each party is declared to be unmarried.
2. No periodic alimony is awarded to either party.
 3. The plaintiff shall retain all of the assets in her name as her sole property.
 4. The defendant shall retain all of the assets in his name as his sole property.
 5. The plaintiff shall be solely responsible for her debts and shall hold the defendant harmless and indemnified.
 6. The defendant shall be solely responsible for his debts and shall hold the plaintiff harmless and indemnified.
7. No allowance to prosecute is awarded.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.